UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

POWELL PANAMA CITY
RADIO, LLC, a Foreign
limited liability company,

    Plaintiff,

vs.

ANGELA FOX,

    Defendant.
_____/

## COMPLAINT

Plaintiff, POWELL PANAMA CITY RADIO, LLC, sues Defendant, ANGELA FOX, and alleges:

### Jurisdiction and Venue

1.    This is an action for injunctive relief and for damages.

2.    Plaintiff, Powell Panama City Radio, LLC ("Powell Broadcasting") is a foreign limited liability company engaged in radio broadcasting with its principal place of business in Baton Rouge, Louisiana.  Plaintiff maintains an office and conducts business in Bay County, Florida.

3.    Defendant, Angela Fox ("Fox") is a resident of the State of Florida who was formerly employed by Plaintiff performing advertising sales and marketing for Plaintiff's business.

4.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because the principal claim arises under the Computer Fraud and Abuse Act ,18 U.S.C. §§ 1030, *et seq.*  In

addition, pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the additional claims set forth herein..

5. Pursuant to 28 U.S.C. §1391(b), venue is proper in this Court because Defendant resides and conducts business in Bay County, Florida and the actions giving rise to this litigation occurred in Bay County, Florida.

## Allegations Common to all Counts

6. Plaintiff provided Defendant with confidential and proprietary information in the course of her employment with Plaintiff. Among other things, this information included Plaintiff's customer lists, pricing schedules, trade secrets, materials, designs and other physical and intellectual property.

7. During her employment with Plaintiff, and due to the nature of Plaintiff's business, Defendant developed significant relationships with Plaintiff's customers and prospective customers.

8. During her employment with Plaintiff, Defendant discovered and acquired full knowledge of the methods and pricing used by Plaintiff in conducting its business and became personally acquainted with Plaintiff's strategies, customers and employees.

9. Defendant's knowledge of Plaintiff's confidential information includes not only Plaintiff's pricing to its advertising customers but also the scope of the services the customer used.

10. Defendant was responsible for maintaining, sustaining, and increasing Plaintiff's relationships with its customers as the face of the company to those customers.

11. Plaintiff has built a reputation of providing high quality broadcasting services to its listeners and advertisers.

12. If Plaintiff's goodwill is misappropriated to any of its customers, particularly in this case of its advertising customers, it is difficult, if not impossible, to regain that goodwill because of the loss relationships, talent, trust and momentum.

13. Because of the highly competitive market in which Plaintiff competes, information concerning services, pricing, histories, program structures, strategies, contract renewal dates, costs, margins, profits and other confidential business information is highly confidential and proprietary. Plaintiff takes measures to protect the confidentiality of this information.

14. Agreeing to restrictive covenants concerning the non-disclosure or use of Plaintiff's confidential information is a condition of employment with Plaintiff. As a long term employee Defendant was familiar with this policy and gained access to Plaintiff's confidential information.

15. Defendant was employed for approximately seven years with the radio broadcasting company that Plaintiff acquired in or around 2012. Plaintiff continued to employ Defendant after acquiring the company.

16. On May 8, 2012, at the outset of Defendant's employment with Plaintiff, Defendant executed and delivered a Confidentiality Agreement and Computer Monitoring-Notice and Consent Form that required Defendant to maintain the confidentiality of Plaintiff's company-related information, including but not limited to trade secrets, marketing plans, and any financial information (the "Agreement"). A copy of the Agreement is attached and incorporated as **Exhibit 1**.

17. On May 29, 2015, Defendant abruptly terminated her employment with Plaintiff without notice.

18. Defendant refused to assist with transitioning her files or accounts to Plaintiff's other employees or to educate Plaintiff on the status of her projects.

19. After Defendant quit her employment, Plaintiff discovered that Defendant had stolen company information usually stored in Defendant's desk and had intentionally deleted information from company files using a computer program she installed on a company computer without authorization while employed by Plaintiff. This deleted information includes, among other things, all historical information about certain customers of Plaintiff.

20. Plaintiff discovered that Defendant had deleted emails from the two weeks preceding the day she abruptly quit. These emails contained vital immediate business and customer information which was and is of substantial value and propriety to Plaintiff. Subsequently, Defendant admitted making such deletions to Plaintiff's representatives.

21. Plaintiff has only begun to assess the damage this may have caused and at this time is unable to determine if the deleted information is recoverable.

22. Plaintiff has discovered that Defendant is using Plaintiff's information in the course of her new employment with one of Plaintiff's competitors, Magic Broadcasting II, LLC.

23. Plaintiff has discovered that Defendant has disclosed how much certain customers spend on radio advertising with Plaintiff and is offering discounts to Plaintiff's advertising customers to move their business to Plaintiff's new employer. The pricing information Defendant is disclosing even includes Plaintiff's accounts that Defendant did not service.

24. Plaintiff has discovered that Defendant sent a number of emails to her personal email account (angiehale@aol.com) that, upon information and belief, included Plaintiff's confidential and proprietary information. This information included .MP3 and other digital files containing adverting spots and commercials, created while Defendant was employed by Plaintiff

and with materials and equipment owned by Plaintiff. The spot and commercials contained in these files are currently airing on stations owned and operated by Magic Broadcasting II, LLC.

25. Defendant has presumably used and is using the information she stole from Plaintiff relating to Plaintiff's customers in an effort to transition Plaintiff's existing customers away from Plaintiff and to secure new business for her new employer.

26. By letter dated May 29, 2015, Plaintiff notified Defendant that her obligations concerning customer lists, pricing schedules, trade secrets, materials, designs or other physical or intellectual property created or developed during the term of her employment remain effective and that Defendant's disclosure of Plaintiff's trade secrets and other confidential and proprietary information would cause immediate financial harm to Plaintiff and its customers if disclosed to a third party or Plaintiff's competitors.  Plaintiff also requested that Defendant return Plaintiff's files and information.  A copy of Plaintiff's May 29, 2015, letter to Defendant is attached and incorporated as **Exhibit 2**.

27. Defendant never responded or returned Plaintiff's information in response to Plaintiff's May 29, 2015 letter.

28. By letter dated June 3, 2015, Plaintiff notified Defendant that it had discovered she had intentionally deleted company files using a program she installed on the company computer she used.  Plaintiff again demanded that Defendant return Plaintiff's client files and other information taken by Defendant.  A copy of Plaintiff's June 3, 2015, letter to Defendant is attached and incorporated as **Exhibit 3**.

29. Defendant never responded or returned Plaintiff's information in response to Plaintiff's June 3, 2015 letter.

30. By letters dated July 2, 2015, Plaintiff notified Defendant and Defendant's new employer, Magic Broadcasting II, LLC, of the obligation to maintain and preserve all electronically stored information that relates in any way to Defendant's employment with Plaintiff. A copy of Plaintiff's July 2, 2015, letters to Defendant and Defendant's employer are attached and incorporated as **Composite Exhibit 4**.

31. Defendant never responded or returned Plaintiff's information in response to Plaintiff's July 3, 2015 letter.

32. Defendant has misappropriated and used Plaintiff's confidential and proprietary information for her own benefit.

33. Defendant is interfering with Plaintiff's business and contractual relationships with its customers.

34. While employed by Plaintiff, Defendant deleted and stole Plaintiff's confidential and proprietary information.

35. Plaintiff has retained the law firm of Clark, Partington, Hart, Larry, Bond & Stackhouse to represent it in this action and is obligated to pay a reasonable fee for its services

36. All conditions precedent to the bringing of this action have occurred or been waived by Defendant.

## COUNT I – VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT
## 18 U.S.C. § 1030 (g)

37. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 36 above.

38. While employed by Plaintiff, Defendant accessed Plaintiff's protected computers and computer systems. The deletion of information and forwarding of Plaintiff's confidential information to a personal email account exceeded the authorization granted Defendant.

39. Defendant knowingly accessed Plaintiff's computers and computer systems, and, upon information and belief, did so with the intent to defraud Plaintiff.

40. As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer damages and irreparable harm.

41. An order of this Court enjoining Defendant from using Plaintiff's confidential information is a necessary remedy for Plaintiff to obtain meaningful relief.

## COUNT II - CONVERSION

42. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 36 above.

43. After Defendant resigned from employment with Plaintiff, Plaintiff discovered that Defendant converted Plaintiff's confidential and proprietary information.

44. Upon information and belief, that information is in Defendant's personal possession and located Defendant's personal email account.

45. Defendant has failed and refused to return Plaintiff's confidential and proprietary information despite several requests by Plaintiff.

46. Defendant has wrongfully converted Plaintiff's physical and intellectual confidential and proprietary information.

47. Plaintiff has suffered and continues to suffer damages and irreparable as a result of Defendant's wrongful conduct.

## COUNT III - TORTIOUS INTERFERENCE

48. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 36 above as though fully set forth herein.

49. Plaintiff has ongoing business relationships with its customers.

50. Defendant knew of those business relationships.

51. Without justification, Defendant intentionally interfered with Plaintiff's business relationships by wrongfully misappropriating and using Plaintiff's confidential information, customer relationships and goodwill to obtain an unfair competitive advantage.

52. As a result of the tortious interference by Defendant, Plaintiff has suffered or will suffer damages and irreparable harm.

53. Plaintiff has no adequate remedy at law for Defendant's actions because the damages Plaintiff will suffer as a result of Defendant's tortious conduct will undermine Plaintiff's current and prospective customer relationships, and its ability to renew and obtain new contracts and business. Plaintiff's loss of its competitive position and loss of good will are incapable of exact proof.

54. Defendant will continue to violate Plaintiff's rights unless Defendant is restrained preliminarily and permanently.

55. An order of this Court enjoining Defendant from using Plaintiff's confidential information is a necessary remedy for Plaintiff to obtain meaningful relief.

## **RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following relief:

1. That this Court enter a preliminary and permanent injunction restraining and enjoining Defendant and all persons and entities acting in concert with Defendant:
    a. from further breach of the obligations Defendant owes Plaintiff regarding non-use and maintaining confidentiality of Plaintiff's confidential and proprietary information;

    b.    from further possessing, disclosing, misappropriating or converting Plaintiff's confidential and proprietary information;

    c.    from further tortious interference with Plaintiff's relationships with its customers;

    d.    from deleting or destroying Plaintiff's proprietary information in her possession or stored on any home or company computer or email account over which Defendant has possession, control or access; and

    e.    from entering into contractual or business relationships with Plaintiff's customers or prospective customers.

2.    That Plaintiff be awarded all of its damages caused by Defendant's wrongful acts, interest, and, as applicable, attorney's fees and costs incurred in bringing this action.

3.    That Plaintiff be granted such other equitable and legal relief as is just and proper.

    */s/ Jeremy C. Branning*
**JEREMY C. BRANNING**
Florida Bar No. 507016
**DANIEL E. HARRELL**
Florida Bar No. 105222
CLARK, PARTINGTON, HART,
LARRY, BOND & STACKHOUSE
P.O. Box 13010
Pensacola, FL  32591-3010
Telephone: (850) 434-9200
Facsimile: (850) 432-7340
Email: jbranning@cphlaw.com
Email: dharrell@cphlaw.com
Secondary: jdallman@cphlaw.com
**Attorneys for Plaintiff,**
**POWELL BROADCASTING COMPANY, LLC**